## MAKINS SAND & GRAVEL CO. et al. v. HILL et al.

No. 21089. Opinion Filed Sept. 22, 1931.

Withdrawn, Corrected, and Refiled Sept. 29, 1931.

Clayton B. Pierce, A. J. Follens, A. M. Covington, and J. R. Moore, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

McNEILL, J. On and before the 27th day of October, 1929, the respondent, John C. Hill, was employed by the petitioner, Makins Sand & Gravel Company, as a day laborer, and during the time he was employed by them did various and sundry types of work. On October 27, 1929, he was working at what is known as a clam shell machine, which is used in loading trucks with sand and gravel, and one of his particular jobs was to close a certain door at regular intervals. On that date, he claimed to have suffered a sprained wrist while closing this door. On the next day he reported to his employer that he had sprained his wrist and at the direction of the superintendent of the Makins Sand & Gravel Company, he submitted to an examination by Dr. Riley and Dr. Kernodle, and later was examined by other physicians. An adjuster for the insurance carrier investigated his claim for compensation and agreed to pay him $100, and an agreement was entered into between the insurance carrier and respondent by which it was agreed that the insurance carrier would pay to the respondent, John C. Hill, the sum of $100 and medical expense incurred up to that date. This proposed settlement was submitted to the Industrial Commission on form No. 14, which is the form used for such purposes, and which showed that the parties had agreed on a settlement and requested the approval of same by the Commission. The Commission refused to approve the settlement and set the matter down for hearing. After the hearing, on the 10th day of January, 1930, the State Industrial Commission made an award, which award, in so far as the same is necessary in the determination of the issues presented, is as follows:

"That the claimant herein was in the employment of the respondent and was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law, and while in the course of said employment and arising out of the same the claimant sustained an accidental injury on the 27th day of October, 1929.

"That as a result of said accident and injury the claimant suffered a temporary total disability from performing ordinary manual and mechanical labor from October 27, 1929, to December 2, 1929, less the five-day waiting period. * * *

"That as a result of the injury claimant suffered a permanent loss of 20 per cent. of the use of his left hand.

"The Commission is of the opinion on consideration of the foregoing facts that claimant is entitled to compensation at the rate of $15.39 per week for a period of four weeks as temporary total disability in the sum of $61.56, and that claimant is entitled to compensation at the rate of $15.39 per week for a period of 40 weeks for 20 per cent. permanent partial disability of the left hand.

"It is therefore ordered: That within 10 days from this date, the respondent, Makins Sand & Gravel Company, or its insurance carrier, the Employers Casualty Company, pay to claimant compensation in the sum of $677.16, being compensation in full for temporary total disability resulting from aforementioned accidental injury, and in full for 20 per cent. loss of the use of his left hand by reason of partial permanent disability, resulting from the aforementioned accidental injury, and also pay all medical expenses incurred by claimant for said injury."

The petitioner asks that said award be set aside and vacated on the following grounds:

"The finding of the State Industrial Commission that the employee suffered a permanent loss of 20 per cent. of the use of his left hand as a result of an accidental injury is not supported by any evidence and is therefore contrary to law.

"It was error for the Industrial Commission to force the petitioners and the respondent Hill to try the issue when the parties to this cause had reached an amicable compromise agreement, which was satisfactory to each of the parties."

Apparently the real question in this case is whether or not there is any evidence to show that the respondent has received a permanent injury while in the employment of the petitioner which arose out of and in the course of his employment. A careful examination of this record shows that there is no competent testimony concerning the permanency of the respondent's injury, ex-

cept a hypothetical question asked by Commissioner Doyle, and the answer given thereto by Dr. Riley, as follows:

"Question. Doctor, assuming you are correct, it might be permanent, on that presumption, what would be the loss of use of that arm? A. I notice that he has impaired dorsal flexion. It has some lack of full dorsal flexion, which is the most important of a man's hand, give it here (Doctor Riley examines hand), put his hand like that, I would say that he had 20 to 25 per cent. loss of that wrist."

This is not sufficient on the question of the disability, and the amount of the disability calls for testimony. In view of the record we are of the opinion that the cause should be remanded to the Commission to take evidence on the question of the permanency, if any, of respondent's injury. A hypothetical question propounded to an expert must be based upon all the competent evidence offered on the issue upon which the hypothetical question is founded, to entitle the answer thereto to be given consideration as competent evidence.

Petitioner also urges that it was error for the Industrial Commission to force the petitioners and the respondent Hill to try the issue when the parties to this cause had reached an amicable compromise agreement which was satisfactory to each of the parties. This contention of the petitioners is without merit. The Commission is not compelled under the statute to approve every settlement which the employee and employer may reach relative to compensation for injury. The statute specifically provides that agreements or settlements in these cases must be approved by the Commission before they have any force and effect. Section 7294, C. O. S. 1921.

The cause is remanded, directing the Commission to determine the question of the permanency, if any, of the respondent's injury, and take such other proceedings as may be consistent with the views herein expressed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur.

CLARK, V. C. J., and ANDREWS, J., absent.