EARL W. BAKER & CO. v. DENNEY et al.

No. 22684. Opinion Filed July 27, 1932.

Wilson & Wilson and G. A. Paul, for petitioner.

L. E. Roseboom, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court by the Earl W. Baker Company, a corporation, to review an order of the Industrial Commission awarding compensation to Edward C. Denney.

The Commission awarded him compensation at the rate of $10.77 per week from December 12, 1930, until the further order of the Commission. Upon filing the petition to review, the parties entered into a stipulation for settlement which, among other things, provides that petitioners shall pay the claimant the sum of $410 as a complete settlement in full for the injuries alleged to have been sustained by him; and that upon approval of such stipulation by the court, and the payment of said sum of $410, petitioners should be fully and finally discharged from all obligation to claimant; that the order entered herein should be vacated and that the Commission should thereafter be without jurisdiction to reopen the case.

We think the stipulation is, in effect, an application for settlement as upon a joint petition of the parties and raises the question of original jurisdiction of this court to pass on such stipulation. Section 7294, C. O. S. 1921, as amended by section 7, chap. 61, S. L. 1923, among other things, provides that claimant and the employer may agree, in writing, upon a settlement and that such settlement may be presented to the Commission for its rejection or approval. The act further provides that a date for hearing on such settlement, upon application of either party, shall be set by the Commission and, on such hearing, the Commission shall enter its award, which shall be final. Section 7325, C. O. S. 1921, as amended by section 13, chap. 61, S. L. 1923 [O. S. 1931, sec. 13391] provides, in part, as follows:

"The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

It will be observed from the sections of the statute above referred to that exclusive and original jurisdiction in joint petition cases, under the Workmen's Compensation Act, is vested in the Industrial Commission. This court is given no original jurisdiction in such cases; its jurisdiction, if any it has, is limited to a review of the order of the Commission entered on such petition.

We think, however, that the parties should have the right, if they desire to do so, to present the petition for settlement to the Industrial Commission for its action. The motion for settlement on the joint petition is dismissed for want of jurisdiction.

LESTER, C. J., and CULLISON, SWINDALL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, ANDREWS, and, McNEILL, JJ., absent.