**EARL W. BAKER & CO. v. DENNEY et al.**

No. 22684.     Nov. 28, 1933.

Wilson & Wilson and G. A. Paul, for petitioner.

L. E. Roseboom, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant therein. The parties will be referred to as petitioner and claimant.

After the petition for review had been filed in this court, the petitioner herein filed in this court a motion in which he asked this court to make and enter an order approving and confirming a stipulation of settlement of the claim for compensation and to vacate and annul the award made therefor by the State Industrial Commission. A stipulation of settlement by the parties in interest and approved by the Attorney General on behalf of the State Industrial Commission was attached to that motion.

Upon a hearing of that motion this court rendered its opinion, which appears in the official reports. 158 Okla. 266, 13 P. (2d) 80. Thereafter this court recalled the mandate and granted a rehearing in the cause. We are calling attention to the prior decision, contrary to our custom of not referring to decisions in which a rehearing has been granted, for the reason that the opinion has been printed in the official reports.

We hold that this court has no jurisdiction, under the provisions of the Workmen's Compensation Act, to approve a stipulation of the parties in settlement of a claim for compensation in lieu of an award of the State Industrial Commission. Makins Sand & Gravel Co. v. Hill, 151 Okla. 214, 3 P. (2d) 432. The stipulation in question was not submitted to or approved by the State Industrial Commission. Whether or not the State Industrial Commission could approve such a stipulation while the proceeding is pending in this court to review the award of the State Industrial Commission without the consent of this court is not here determined. It appearing from the stipulation that it may meet the approval of the State Industrial Commission, this court will cause the stip-

ulation to be certified to the State Industrial Commission for its consideration and stay further proceedings in this court pending the action of the State Industrial Commission with reference to the stipulation so certified to it.

Further proceedings in this court as to the award made by the State Industrial Commission are stayed pending the consideration of the stipulation by the State Industrial Commission and the certification to this court of its action with reference thereto.

The clerk of this court is hereby ordered to issue a mandate, with a copy of this opinion and the stipulation attached thereto, to the State Industrial Commission for its consideration in accordance herewith. It is further ordered that if the stipulation is not approved by the State Industrial Commission and its approval certified to this court within 30 days from this date, the cause in this court for a review of the award of the State Industrial Commission will be submitted on its merits.

CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.