SPECIAL INDEMNITY FUND v. WRIGHT et al.

No. 32752. March 2, 1948.

Rehearing Denied March 23, 1948.

*191 P. 2d 194.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioners.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, for respondents.

ARNOLD, J. Claimant before the Industrial Commission, respondent here, sustained a compensable injury March 11, 1946, to his right eye allegedly resulting in permanent partial loss of vision thereof.

Many years prior, but by separate accidents, he suffered permanent obvious impairment to his right arm (hand, wrist, and forearm) and left foot.

Pertinent to the determinative issue presented, the commission found and ordered as follows:

"That as a result of said injury, claimant has lost 41 1-2 per cent of vision in the right eye, for which he is entitled to compensation for 41 1-2 weeks at $21.00 per week, or the sum of $871.50; that there is now due the sum of $210.00, or 10 weeks at $21.00 per week, computed from March 18, 1946, to May 27, 1947.

"That on March 11, 1946, the claimant was a physically impaired person by reason of an injury to claimant's right foot from a gunshot wound in 1914, and by reason of an injury to claimant's right hand in 1925, both of which injuries are obvious and apparent to an ordinary layman, and that a combination of all of said injuries to the eye, foot, and hand renders and makes claimant totally and permanently disabled to do and perform ordinary manual labor, and that the disability caused by the injury to the foot and hand is materially greater than the eye injury standing alone; that claimant's disability by reason of the injury to the right foot is at this time 30 per cent to the body as a whole; that claimant's disability by reason of the injury to the right hand is at this time 30 per cent to the body as a whole; that the balance of said 100 per cent disability to the body as a whole is attributable to said eye injury and to age; that the Special Indemnity Fund is hereby assessed and its liability fixed at 60 per cent disability to the body as a whole, or 300 weeks at $21.00 per week, the total sum of $6,300.00, to be paid by the Special Indemnity Fund at the rate of $21.00 per week, commencing at the expiration of the award herein made against respondent and insurance carrier."

There is competent testimony tending to show that claimant, prior to the happening of the compensable accident, was able to perform and was perform-

ing manual labor in an ordinary and usual manner.

Combination of disability resulting from prior injuries with disability resulting from a compensable accident, under such circumstances, has been recognized by us in permanent total cases. Special Indemnity Fund v. Wade et al., 199 Okla. 547, 189 P. 2d 609; Armour & Co. v. Worden et al., 189 Okla. 106, 114 P. 2d 173; Special Indemnity Fund v. Bonner et al., 198 Okla. 491, 180 P. 2d 191.

It is not necessary to determine the correctness of the finding "that the disability caused by the injury to the foot and hand is materially greater than the eye injury standing alone," because such finding is not required nor necessary in fixing the liabilities of the parties hereto. Before liability attaches to the Fund under the Special Indemnity Fund Act it must appear that the combined disability of old and new injuries is materially greater than the disability of the compensable or subsequent injury standing alone. No such finding was made by the commission.

There is no testimony to support the findings of the commission that the disability to the right foot resulting from the old injury thereto amounts to 30 per cent permanent partial disability to the body as a whole, and that the disability to the right hand by reason of the old injury thereto amounts to a 30 per cent permanent partial disability to the body as a whole. Then, too, there is no authority to transpose a disability of a specific member standing alone into a disability to the body as a whole.

It follows that the finding of the commission, "that the balance of said 100 per cent disability to the body as a whole is attributable to said eye injury and to age," is without foundation in the testimony and amounts to an unsupported conclusion.

Though the testimony of the doctors testifying describe the condition of claimant's eyes as to vision, and although one doctor testified that the vision in the injured eye was 20-200 as compared with the vision in the uninjured eye of 20-100, and that this difference was attributable to the compensable or subsequent accident, there is no expert testimony estimating the percentage loss of vision that this difference represents. The determination of the commission that the claimant sustained a 41 1-2 per cent permanent loss of vision in the injured eye was apparently based upon a chart, not introduced in evidence. Such material deficiency in the testimony may not be supplied by reference to a medical chart not introduced in evidence.

85 O.S. 1943 Supp. §172 clearly contemplates that the commission shall make a specific finding of the degree or per centum of disability resulting from the later or compensable injury standing alone as provided by the Workmen's Compensation Law, and there must be competent evidence to sustain such finding. The amount of compensation therefor must be awarded against the employer and deducted from that represented by the combination of disabilities resulting from the old injuries or conditions and the new compensable injury. Shepard v. Crumby, 146 Okla. 118, 293 P. 1049.

The accident forming the basis of the claim here happened after the effective date of the amendment to the Special Indemnity Fund Act (1945). Any award made hereafter against the Fund should conform to the amendment.

Award vacated.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur. RILEY, J., dissents.