BERGSTROM PAINTING CO. et al.
v. PRUETT et al.

No. 34694.   Nov. 6, 1951.

*237 P. 2d 453.*

Mont R. Powell and Anthony R. Kane, Oklahoma City, for petitioners.

Frank Seay, Seminole, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J.   This is a proceeding by Bergstrom Painting Company and the State Insurance Fund to review an award of the State Insurance Commission awarding compensation to respondent Lelan C. Pruett.

The evidence shows that on November 3, 1949, respondent, while in the employ of petitioner Bergstrom Painting Company, and while engaged in painting the Methodist Church Building at Ada, Oklahoma, sustained an accidental injury when a church window weighing about 200 pounds fell on his back causing injury thereto and resulting in some disability to his person.

The record discloses that respondent was paid compensation for temporary total disability from November 9, 1948, to March 13, 1950, in the total sum of $145.83. A stipulation and receipt evidencing such payment was thereafter filed with the commission, and on April 1, 1950, the commission approved such stipulation and the payment and found that temporary disability ceased on the 13th day of March, 1950, and ordered the case closed as to temporary disability and reserved for future determination the amount of permanent partial disability, if any, sustained by respondent. The case thereafter came on for hearing before trial commissioner for the purpose of determining the extent of disability. The trial commissioner at that hearing found:

"That on the 3rd day of November, 1949, the claimant was in the employ of the respondent herein, said respondent being engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law, and on said date sustained an accidental personal injury, arising out of and in the course of his employment, to wit: Injury to back.

" . . .

"That as a result of said injury claimant sustained 10% permanent partial disability to the body as a whole, for which he is entitled to compensation in the sum of $1,250.00 same being 50 weeks at $25.00 per week."

An award was entered awarding respondent compensation in accordance with this finding.

The award was sustained on appeal to the commission en banc.

Petitioners contend, among other things, that respondent sustained his injury while engaged in painting a church building; that the church was not engaged in the painting business for pecuniary gain and the commission was therefore without jurisdiction to award him compensation. In support of such contention they rely upon Harris v. Wallace 172 Okla. 349, 45 P. 2d 89; Blakely v. Hamby, 187 Okla. 251, 102 P. 2d 581, and other similar cases. This contention cannot be sustained. Respondent was not an employee of the church at the time he sustained his injury, but was at that time an employee of the Bergstrom Painting Company, which company was engaged in the painting business for pecuniary gain. No compensation was claimed by respondent from the church and no award has been entered against it. The claim is against Bergstrom Painting Company and the State Insurance Fund and the award is entered as against them. The authorities relied upon are therefore not applicable.

It is further contended by petitioners that there is no competent evidence tending to sustain the finding of the commission and the award entered thereon, that respondent sustained a 10 per cent permanent partial disability to his body as a whole as the result of his injury.

Three physicians testified as to the extent of the disability sustained by respondent as a result of his injury. One physician testified that he sustained no permanent disability whatever. Another physician, who had examined him on April 10, 1950, stated that he then had a disability of 2.5 per cent, but he would completely recover in about three months. A third physician, Dr. Rice, testified:

"This man received a soft tissue injury to his lumbar spine as a result of his injury of Nov. 3, 1949 and is at present totally temporarily disabled which disability will persist for 4 to 6 months from this date and he will probably have a permanent partial disability of his back of 25%."

It is petitioners' contention that if an award for permanent partial disability can be sustained, it must be sustained on the testimony of Dr. Rice and that his testimony is too indefinite and uncertain upon which to base an award for permanent disability. With this contention we agree. Under the testimony of Dr. Rice respondent was at the time of the hearing still temporarily totally disabled. The healing period had not then ended. In our opinion, it was impossible for the doctor at that time to estimate with any degree of accuracy the extent of disability respondent might have six months thereafter. The testimony of the doctor as to the probable extent of permanent partial disability respondent might eventually sustain as a result of his injury is based solely on speculation, conjecture and surmise, is without probative value, and wholly insufficient upon which to base an award of permanent disability. In Makins Sand & Gravel Co. v. Hill, 151 Okla. 214, 3 P. 2d 432, this court held that the testimony of a physician, very similar to the testimony of Dr. Rice in the present case, was insufficient upon which to base an award for permanent disability.

Under the evidence the commission should have found either that respondent sustained no permanent disability as the result of his injury, or that he still was temporarily disabled, and should have ordered the question as to permanent disability reserved for determination until after the healing period had ended. The award for permanent disability was prematurely entered, is not supported by sufficient evidence and cannot be sustained.

Respondent, however, in view of the record, should be given an opportunity to present further evidence as to the permanency, if any, of his injury and resulting disability.

Award vacated for further proceedings in accordance with the views herein expressed.