## SPARKS v. GENERAL MILLS, Inc. et al.
### No. 35950.

Supreme Court of Oklahoma.
Oct. 13, 1953.

Williams and Hansen, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On January 17, 1953, Earl A. Sparks, petitioner herein, filed a claim before the State Industral Commission against his employer, General Mills, Inc., and its insurance carrier, Travelers Insurance Company, respondents herein, in which he stated that on November 29, 1952, while in the employ of respondent General Mills, Inc., he sustained an injury consisting of a strain to his back resulting in some permanent disability to his person, and that the injury was caused by lifting a heavy flour sack weighing about one hundred pounds.

The matter was referred for hearing to a trial commissioner who, in substance, found that on December 29, 1952 (evidence shows November 29, 1952) petitioner, while in the employ of respondent General Mills, Inc., and engaged in a hazardous employment, sustained an accidental back injury arising out of and in the course of his employment; that as a result thereof he was temporarily

totally disabled from that date, less the five day waiting period, until January 17, 1953, for which disability he has been fully compensated, and that he has sustained no permanent partial disability. Upon these findings the Commissioner made an order denying petitioners further compensation. The order was sustained on appeal to the Commission en banc.

Petitioner brings the case here for review and relies for vacation of the order upon the sole ground that there is a total lack of competent medical evidence to sustain it.

Petitioner testified in substance, that he sustained an injury to his back at the time and in the manner stated in his claim; that he was furnished medical treatment for his injury; that a certain doctor engaged by his employer treated him several weeks and then discharged him, but that he did not return to work until January 17, 1953, and has been working ever since that time, though he still has a stiffness in his back.

The only professional medical evidence offered or introduced was a report by the afore-mentioned physician, hereinafter referred to as respondents' doctor, and one other by a physician subsequently engaged by petitioner and hereinafter referred to as petitioner's doctor. In his report petitioner's doctor stated that he first examined petitioner on January 16, 1953; that he obtained from him a history of the case that is substantially as testified to by petitioner. This physician further stated that from such history and his own examination, he found petitioner suffering from a slight tenderness over the right sacroiliac joint. He diagnosed petitioner's trouble as a lumbosacral strain and right sacroiliac strain, and from this finding concluded that petitioner, as a result of his injury, had sustained from 5 to 10 per cent permanent partial disability, for the performance of ordinary manual labor, to his body as a whole.

Petitioner argues that it is apparent that the Commissioner based his order denying compensation on the report of respondents' doctor to the effect that "no permanent partial disability was anticipated"; that such report is indefinite and uncertain, is based on speculation and conjecture, and is therefore without probative value and should be disregarded. We agree. In the report, this doctor said he first saw petitioner December 2, 1952, and treated him until December 22nd, yet he discharged him December 20, 1952. (There is testimony that he was not to report to work until January 15, 1953). He further said that the response was satisfactory, that at the time of the discharge he *had recovered*, and that no partial permanent disability was *anticipated*. We believe it is thus apparent that this report is too indefinite, equivocal, ambiguous and inconsistent to constitute a sound basis for determining whether or not on the date this doctor discharged petitioner, the effects of his injury were of a temporary or permanent nature. We are aware of the well-established rule that an order of the Industrial Commission based upon its finding as to disability arising from an accidental injury will be sustained if there is any competent evidence *reasonably* tending to support such finding. Souder v. Mid-Continent Pet. Corp., 187 Okl. 698, 105 P.2d 750, Coulter v. Continental Oil Co., 130 Okl. 199, 266 P. 463; compare Roberts v. Magnolia Pet. Co., 201 Okl. 370, 205 P.2d 1160, and Hollis v. Mid-Continent Pet. Corp., 174 Okl. 544, 51 P.2d 498, in which the word "reasonably" was omitted from the statement of the rule. But here we are of the opinion that the report of respondents' doctor, in its present form, furnishes no such support for the Commission's finding. Therefore, the order appealed from cannot be sustained. Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453. However, in view of the record, the parties should be given an opportunity to present any further evidence of a competent nature that they can obtain in so far as is necessary to definitely settle the issue involved.

The order is therefore vacated for further proceedings in accord with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON and WILLIAMS, JJ., concur.

O'NEAL, J., dissents.