**SKELLY OIL COMPANY, a corporation, own risk carrier, Petitioner,**

v.

**David Perry ADMIRE and the State Industrial Commission, Respondents.**

No. 37055.

Supreme Court of Oklahoma.

Jan. 24, 1956.

claim for compensation on December 22, 1954, stating that on June 14, 1953, he sustained an accidental injury arising out of and in the course of his employment with Skelly Oil Company, petitioner. An award was made for 25% disability to the body as a whole and this proceeding is brought by Skelly Oil Company, own risk, hereinafter called petitioner, to review the award.

It is admitted that claimant sustained a serious accident and a disability due to the accidental injury and was hospitalized and twice operated for a brain injury. He was paid thereafter in lieu of compensation certain payments until June 6, 1954, after which he filed his claim for permanent disability.

Dr. Stowell testified that in his opinion due to the accidental injury claimant had a disability of 50%. He explained the symptoms and described its effect on claimant. During cross-examination he made certain statements as to the nature of claimant's disability but refused to fix a disability less than 35% under any of the stated circumstances. Petitioner cites these statements as to what the future symptoms would be and argues that the degree of disability is based on conjecture and surmise contrary to the holding in Special Indemnity Fund v. Wright, 200 Okl. 55, 191 P.2d 194; Shepard v. Crumby, 146 Okl. 118, 293 P. 1049. We do not agree. These cases both hold that there must be testimony of the degree of disability before the State Industrial Commission is authorized to find such a degree. We have held that the State Industrial Commission can fix the disability at any degree within the range of the medical evidence. Ridenour v. Van Pick Oil Co., Okl., 289 P.2d 135.

Petitioner also cites Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453, and Sparks v. General Mills, Inc., Okl., 262 P.2d 155. These cases were distinguished in Dolese Bros. Co. v. McBride, Okl., 268 P.2d 268, wherein we held in effect that an opinion as to the present degree of disability was sufficient. If there is testimony of the degree of present disability the fact that the doctor makes other statements relative to the physical condition of claimant is not fatal. We find nothing

Gayle M. Pickens, Louis B. Gresham, Leon C. Gavras, Tulsa, for petitioner.

Hughey Baker, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

HUNT, Justice.

David Perry Admire, hereinafter called claimant, filed his first notice of injury and

in Ridenour v. Van Pick Oil Co., supra, so holding. There was no conjecture or speculation as to the future disability by the statement of the doctor of what the symptoms would be in the development of the case. There is competent evidence reasonably tending to support the finding of the State Industrial Commission. In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, we said:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

Award sustained.