**DAVIS–WHARTON DRILLING COMPANY and Hartford Accident and Indemnity Company, Petitioners,**

v.

**Clarence JAMES and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 38380.

Supreme Court of Oklahoma.

April 7, 1959.

Fenton & Fenton, Wm. G. Smith, Oklahoma City, for petitioners.

Robert N. Woodard, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

On the 18th day of February, 1958, Clarence James, hereinafter referred to as claimant, filed a claim for compensation against Davis-Wharton Drilling Company and its insurance carrier, Hartford Accident and Indemnity Company, hereinafter referred to as petitioners, stating that on July 7, 1957, he sustained an accidental injury consisting of an injury to his back. The injury was caused by being caught between pipe and traveling blocks while he was working on a drilling rig stacking pipe causing some permanent disability to his person.

The trial judge after hearing the evidence and after finding that on July 7, 1957, claimant, while in the employ of Davis-Wharton Drilling Company, sustained an accidental injury arising out of and in the course of his employment causing injury to his back and pancreas and that as a result of said injury he had sustained temporary total disability entitling him to compensation in the sum of $466 which amount has been fully paid and that temporary total disability had then ended, further found:

"That claimant sustained 15 per cent permanent partial disability by reason of his back injury, and 15 per cent permanent partial disability by reason of injury to pancreas.

"That as a result of said injury, claimant has sustained 30 per cent permanent partial disability to his body as a whole, for which disability claimant is entitled to compensation for 150 weeks at $30.00 per week, or the total amount of $4500.00, of which 30 weeks have accrued to June 1, 1958, and shall be paid as a lump sum of $900.00 balance of award to be paid at the rate of $30.00 per week from June 1, 1958."

The trial judge upon such findings awarded claimant compensation for permanent partial disability to the body as a whole in the sum of $4,500, which was sustained on appeal to the Commission en banc.

Petitioners bring the case here for review and contend that the finding of the Commission that claimant sustained a disability to his pancreas as a result of the injury sustained by him on July 7, 1957, is not supported by any competent evidence. They however concede that the evidence is sufficient to sustain the finding and award of the Commission awarding claimant compensation for 15 per cent permanent partial disability to his body as a whole for injury sustained to his back.

In view of this concession it is only necessary for us to consider the evidence in connection with the finding that claimant has an injury to the pancreas as a result of the accident occurring July 7, 1957, in order to determine whether such finding is supported by competent evidence.

The only evidence offered in the case consists of the evidence of claimant and the written reports of two physicians.

Claimant in his own behalf in substance testified:

He was injured at the time stated in his claim when he was struck in the back by traveling blocks and was pinned between the blocks and a two inch pipe; that the accident occurred while he was engaged in stacking pipe on the drilling rig. He was later hospitalized at Blackwell. He remained in the Blackwell hospital twenty-four hours and was then transferred to a hospital in Guthrie, Oklahoma. While he was in the hospital he complained of pain in his stomach, in the small of his back and in his right hip and leg. Claimant remained in the hospital in Guthrie six days under treatment of doctors L and A. He was released to return to work on November 3, 1957; that he did not go back to work for petitioner, Davis-Wharton Drilling Company, when he was released because the driller he worked for got laid off and because he was not then able, because of his injury, to do the heavy work he was required to do while working for his then employer, Davis-Wharton Drilling Company; that approximately two weeks after he was released by the doctor he again saw Dr. A, his attending physician, and was later seen by Dr. R April 29, 1958.

Claimant then offered in evidence the report of Dr. R. Dr. R in his report stated that he first saw and examined claimant on April 29, 1958; that he obtained a history of the case which is substantially as testified to by claimant and upon such history and his own examination, after stating in detail physical conditions found to exist, further stated:

"The claimant's back pain overshadows some perhaps more significant abdominal considerations. Injuries of the type which Mr. James experienced are notorious for producing a bruised pancreas. A bruise to the tail of the pancreas would produce abdominal distention and other abdominal findings described by Mr. James. The injuries are quite treacherous in that one to three years later a large pseudocyst may develop from the bruised area of the pancreas, requiring major abdominal surgery. For this reason, I feel that this man is significantly totally disabled from his abdominal complaint alone. A permanent partial disability of 20%, to the body as a whole, as the result of the back injury and an additional permanent partial disability of 30% to the body as a whole, as a result of contusion of the pancreas, is established as the result of the injury described above."

Counsel for petitioners in their brief contend and state that there is no medical evidence before the Commission tending to sustain the finding that claimant as a result of his accident sustained an injury to the pancreas; that the doctor in his written report does not state that claimant sustained a bruise or other injury to the pancreas; that the most said is that claimant could have received such a bruise.

Petitioners further argue that based on his statement (that a large pseudocyst may develop one to three years later) the doctor stated that claimant sustained a 30 per cent permanent partial disability to the body as a whole as the result of the injury sustained to the pancreas; that such statement is based purely upon conjecture and speculation and is insufficient to support the finding of the Commission that claimant sustained an injury to his pancreas. Cited in argument are the cases of Sparks v. General Mills, Inc., Okl., 262 P.2d 155; and Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453.

We do not think these cases applicable here because of the difference in the facts. In the present case the doctor in his written report stated that a permanent partial disability of 30 per cent to claimant's body as a whole as the result of a contusion of the pancreas is established as the result of his injury on the date above.

The doctor in his written report does not state that claimant sometime in the future

may have a disability to the body as a whole as the result of contusion of the pancreas but in effect states that he now has a 30 per cent permanent partial disability to the body as a whole as the result of a contusion of the pancreas and that such injury was sustained on July 7, 1957.

Therein lies the distinction between the cases cited and relied upon by petitioners and this case. See, in this connection, Dolese Bros. Co. v. McBride, Okl., 268 P.2d 268; Skelly Oil Company v. Admire, Okl., 293 P.2d 349.

 Counsel for petitioners in their brief also refer to the fact that claimant in his claim filed before the State Industrial Commission did not allege any injury to the pancreas as the result of the accident occurring on July 7, 1957. The mere fact that he did not mention such injury in his claim for compensation will not necessarily preclude recovery of compensation for such injury. McCoy Tree Surgery Co. v. Baty, 207 Okl. 285, 249 P.2d 409, and cases therein cited. In that case we held:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the Commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation * * *."

We conclude that the evidence is sufficient to sustain the findings of the State Industrial Commission and the award based thereon.

Award sustained.

DAVISON, C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.