**Charles E. LEMAY, Petitioner,**

v.

**HELDIE'S PORTABLE PIPE SERVICE,**
Maryland Casualty Company and the
State Industrial Commission, Respondents.

No. 38301.

Supreme Court of Oklahoma.
Oct. 13, 1959.

O. B. Martin, Oklahoma City, for petitioner.

Denton Gossett, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

Charles E. Lemay, hereinafter called claimant, filed his first notice of injury and claim for compensation, thereafter amended, stating that on November 25, 1957, while employed by Heldie's Portable Pipe Service, employer, he sustained an accidental injury arising out of and in the course of his employment.

An award was denied by the State Industrial Commission, and this proceeding is brought by claimant against the employer and its insurance carrier, Maryland Casualty Company, to review the order denying the award.

Claimant testified that he worked with a product used in the cleaning of pipes called Oakite; that on November 25, 1957, he rolled a pipe up a ramp and pushed with his stomach and subsequent to that time immediately felt a hurting in his stomach; that the substance he used in cleaning had an odor and fumes; that this substance was heated to a temperature of 180 degrees; that he remained on the job without loss of time until December 4, 1957. He then consulted Dr. D and afterwards Dr. G; that Dr. G is now treating him. These treatments com-

menced about January 30, 1958; that the treatments consist of shots and two or three kinds of medicine; that he was advised he would have to be treated for six or eight more weeks subsequent to the time he testified; that he had dermatitis as a result of his work, but that the dermatitis has healed and he no longer makes any claim for it. The original claim was amended apparently to show that he claims only a stomach ailment and disability due to exposure to Oakite.

Dr. G filed a report, the substance of which is that claimant sustained a strain to the abdominal area and sustained a disability therefrom; that connected with the strain is a disability due to fumes from Oakite. The doctor states claimant is still under his care. He also states that claimant is temporarily totally disabled as a result of this disability. The doctor's statement was made March 10, 1958. The testimony given by claimant was April 14, 1958.

The record discloses that claimant had sustained a five percent disability to the body as a whole, and that respondents are complying with an order made February 18, 1958, in another claim but involving this same accidental injury; that claimant had been advised that operations would be necessary to correct a stomach ailment, but that claimant did not follow the advice of his doctors in this respect; that the consultation about the stomach ailment was not in relation to an accidental injury. The doctor for respondents stated that in his opinion there was no disability resulting from the accidental injury of November 25, 1957, except aggravation of a prior back injury.

█ Claimant cites and relies on Garrett v. Board of County Com'rs of Caddo County, 203 Okl. 487, 223 P.2d 368, wherein this court held there was no competent evidence reasonably tending to support the finding of the State Industrial Commission. The rule to be applied is found in Dale v. Mike Campbell Construction Company, Okl., 335 P.2d 643, wherein it is stated:

"Findings of fact made by the State Industrial Commission are conclusive and binding upon this court, where there is any competent evidence reasonably tending to support such findings."

There is competent evidence reasonably tending to support the finding of the State Industrial Commission.

█ Claimant also argues that the medical report furnished by respondents is indefinite and equivocal within the rule announced by this court in Sparks v. General Mills, Inc., Okl., 262 P.2d 155. We there held that a report which anticipates no future disability was insufficient for the basis of an order denying an award. The report in the case under consideration states positively there is no disability resulting from the accidental injury of November 25th, except a back injury for which claimant is being paid. We find no error in the order in this respect. The order is based on the positive opinion of a present condition and affords competent evidence for the finding of the State Industrial Commission. Griffith v. Viersen Oil & Gas Co., Okl., 302 P.2d 969; Skelly Oil Co. v. Admire, Okl., 293 P.2d 349.

Order sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.