**BILL MORRIS TANK COMPANY, and Mid-Continent Casualty Company, Petitioners,**

**v.**

**Joe Don MARTIN and the State Industrial Court, Respondents.**

**No. 38749.**

Supreme Court of Oklahoma.

Feb. 2, 1960.

Grady H. Holloway, Oklahoma City, for petitioners.

Buck Cartwright, Wewoka, for Joe Don Martin, respondent.

Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondent, State Industrial Court.

DAVISON, Chief Justice.

This is an original proceeding brought in this Court by Bill Morris Tank Company, and its insurance carrier, hereinafter referred to collectively as Respondent or Employer, to obtain review of an award entered by the State Industrial Court in favor of Joe Don Martin, employee-claimant. The order complained of found that claimant sustained an accidental injury to the back, arising out of and in the course of his hazardous employment with the respondent, resulting in permanent partial disability of 20% to the body as a whole, for which statutory amount of compensation was awarded. On appeal to the Industrial Court sitting en banc the said order was adopted and affirmed.

The evidence discloses claimant, a young man 20 years of age, was engaged with a crew of five other men to remove and dismantle a pipe line (drip line), one-half of a mile long, situated on a well site approximately 13 miles northeast of Seminole, Oklahoma. The line was made up of pipe joints 20 feet long and 2 inches in diameter. Claimant assisted in lifting the pipe, carried the jack, and then placed a "lazy board" under the raised pipe. While so working for approximately one and one-half to two hours on the afternoon of January 6, 1959, claimant testified he felt a "sharp pain in the lower left side" of his back and "couldn't straighten up." Although he remained on the job that afternoon until quitting time, he complained of pain and was unable to con-

tinue with regular work. On the night of this injury, claimant presented himself to Doctor C. who examined and treated him on behalf of the employer. He was immediately hospitalized for two and one-half days, and thereafter re-admitted for a period of additional nine days, during which time he lay in traction and received heat treatment. Doctor C. in his report filed on Form 4 stated the diagnosis to be "lower lumbar muscle strain." Another physician who later examined claimant for the respondent also filed a report describing the injury as "the spraining of the lumbar portion of the back."

Respondent first contends the finding of the State Industrial Court that claimant sustained an accidental injury is not supported by competent evidence. The only "positive testimony" in the record, respondent argues, is that of its own witnesses who related that when claimant first complained to them of his injury he was, or said he was, in the process of merely stooping over to pick up the pipe and didn't have anything in his hands. Based on this evidence relative to the position of claimant's body and the particular physical effort he exercised at the time symptoms of strain manifested themselves at the inception, respondent urges that the injury sustained, even though it occurred in furtherance of employment, should be held to have been caused by a normal ordinary movement and use of the body, rather than by "accident" within the purview of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. Such injury, the argument follows, is merely "a lamentable result of an ordinary employment of the body unattended by any accidental circumstances" in language of Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462, 463. Respondent complains the State Industrial Court based its finding of accidental injury solely on testimony of the claimant which is termed so inconsistent and inherently improbable as to be wholly without probative value.

The record discloses claimant testified at both hearings before the tribunal below.

18

At the first one, he related in substance he was lifting two joints of pipe when he felt the pain. On cross-examination he explained he had the pipe "cradled" in his right hand, holding the "lazy board" in his left hand. At the second hearing claimant stated that when pain struck him he was standing in "sort of a gully", 9 inches deep, with his left foot on sand and rock and his right foot on the slope of the bank; he held the "lazy board" in his left hand and the pipe in his right one, "cuddling" it in his elbow; he had raised the pipe about 2 to 2½ inches above the ground to place the "lazy board" thereunder when his left foot slipped and he dropped the pipe.

██ We are unable to find any appreciable inconsistency in the testimony so outlined. Moreover, it is not our province to weigh the evidence and pass on the credibility of witnesses. In Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847 it was held:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

See also, McDaniel v. Douglas Aircraft Co., 200 Okl. 221, 192 P.2d 651; Anderson-Prichard Oil Co. v. Floyd, Okl., 340 P.2d 943.

It is not denied that on the afternoon of the occurrence claimant was lifting pipe when performing his duties for the employer. Neither is it disputed that claimant did in fact sustain the injury consisting of a strain to the lower lumbar spine. The conflict between the testimony given for the respondent and that of the claimant relative to the particular physical activity employee engaged in when injury first manifested itself in pain, does not relate to a material fact in issue. In Calhoun Construction Co. v. Sexton, Okl., 288 P.2d 705, 706, we held:

"If there is evidence of a strain and medical evidence that the strain caused the disability this is sufficient to support a finding that there has been an accidental injury even though the disability discloses its presence at a time not related to a specific physical effort."

In Phillips Pipe Line Co. v. Brown, Okl., 301 P.2d 689, this court sustained an award in favor of a claimant who sprained his back when stepping from a motor vehicle in which he was riding while in the course of his employment. Also see: Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542, 543; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 468.

In urging that claimant's injury is not of an accidental nature respondent invites our attention, among others, to the decisions in Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633; Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173; Phillips Petroleum Co. v. Eaves, supra; and Skaggs v. Bennett Van Storage, Inc., 204 Okl. 32, 226 P.2d 419. These cases are clearly not in point.

Our holding in the cited authorities has been analyzed and distinguished in a number of subsequent decisions. In the discussion of these cases it was clearly pointed out that the rule announced therein is based on, and limited to, fact situations where there is no evidence of a sudden strain, pain, injury, or other accident causing the disability.

In Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096, 1097, we made this comment relative to the authorities relied upon herein by the respondent.

"In each of these cases cited the court pointed out that there was no evidence of a strain that caused the disability."

See also: Stillwater Milling Co. v. Mott, 200 Okl. 562, 197 P.2d 966; Choctaw County v. Bateman, Okl., supra; State Highway Department v. Powell, Okl., 258 P.2d

1189; Phillips Pipe Line Co. v. Brown, Okl., supra.

■ The term "accidental injury", as employed in the Workman's Compensation Act, must be accorded a liberal construction, and it is sufficiently broad to include an injury from muscular strain or physical overexertion. Special Indemnity Fund v. McFee, 200 Okl. 288, 193 P.2d 301; Hart Construction Co. v. Weaver, 201 Okl. 424, 206 P.2d 724.

■ The testimony in the record, supported by medical reports admitted, furnished a sufficient quantum of competent evidence to support the finding of the State Industrial Court that claimant suffered an accidental injury by lifting or otherwise exerting himself in a manner which caused a strain to his back.

Respondent next contends there is no competent medical evidence to support the finding of the State Industrial Court that claimant sustained permanent disability as a result of the injury.

Three physicians filed reports in the case; two of them (filed by respondent) concluded claimant was no longer temporarily totally disabled from the injury, has fully recovered, and had no permanent disability. On behalf of claimant Dr. S. gave, inter alia, this evaluation:

"In this instance, conservative treatment by traction, physical therapy treatments, etc., has been tested without relief. * * * This patient, in my opinion, is unable to work and is thoroughly disabled as a result of direct effects of the injury * * *.

* * * * * *

"In this instance, I advise that patient be referred to a neurological surgeon for a check-up, and for a fusion operation. * * * It is my belief that if the recommended surgical procedures are performed that this patient's permanent partial disability with reference to ordinary manual labor can be reduced to fifty percent."

It is argued that this report does not give an opinion as to the degree of present permanent disability and is too indefinite upon which to base an award. Respondent relies on: Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453; and Sparks v. General Mills, Inc., Okl., 262 P.2d 155; wherein we held that an award must be predicated on medical evidence of present permanent disability rather than on speculation and conjecture as to future disability.

However, in the case under consideration the doctor stated, in effect, that all treatment administered has met with negative response, and that claimant was "thoroughly disabled". Read in its entirety the report amply describes an existing state of present permanent total disability for the performance of ordinary manual labor. This is followed by a recommendation of surgery through which the condition "can be reduced" to 50% permanent partial disability.

■ We have previously held that where a physician has fixed the degree of present permanent disability, his further comment with reference to possible developments in the physical condition of claimant is not fatal. Medical evidence is fatally deficient and without probative value if the same is barren of a statement as to the present degree, if any, of permanent disability sustained by claimant. A physician's opinion need not be expressed with legalistic precision, and the evidence is sufficient where the presence and extent of permanent disability may be found from a consistent context. Dolese Bros. Co. v. McBride, Okl., 268 P.2d 268; Ridenour v. Van Pick Oil Co., Okl., 289 P.2d 135, and Skelly Oil Co. v. Admire, Okl., 293 P.2d 349.

■ The State Industrial Court is free to determine the degree of disability within the range of medical evidence. Ridenour v. Van Pick Oil Co., supra.

■ There is competent medical evidence reasonably tending to support the finding of the State Industrial Court that claimant sustained 20% (percentum) permanent partial disability. Award sustained.