IDEAL CEMENT COMPANY, Own Risk,
Petitioner,

v.

James Marshall (Bucky) BUCKLER, and
State Industrial Court, Respondents.

No. 38866.

Supreme Court of Oklahoma.

June 28, 1960.

Rehearing Denied July 19, 1960.

Kerr, Lambert, Conn & Roberts, Ada, for petitioner.

Dick Bell, Seminole, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On December 31, 1958, claimant, while engaged at petitioner's rock quarry, was struck on the right side of his head by an electrical conveyor car. He sought compensation benefits. Petitioner admitted the occurrence of an accidental personal injury. The extent of resulting permanent disability, if any, was the sole issue submitted to the trial tribunal for its determination. All the physicians agreed that claimant had sustained a "contusion of the right side of his head" manifesting itself on clinical examination in swelling and tenderness "over the right ear" in the temple area.

Claimant's medical proof consisted of three reports by Dr. G., who also testified by deposition. He found evidence of a fracture in the right frontal bone and evaluated claimant's resulting disability at 25 per centum to the body as a whole. Drs. P. and L. submitted their reports for the petitioner. Neither found any evidence of a fracture. The former concluded that claimant had no permanent disability as the result of this injury. Dr. L., a neuro-surgeon, found only "a rather minor contusion of the right side of the head" and stated that claimant "should go ahead and clear up without any permanent disability."

Two reports of a neutral examiner, Dr. M., were also admitted in evidence. In the original statement dated July 14, 1959, the physician expressed his opinion that claimant "*will have* some permanent disability but would feel that he should have an additional four weeks to complete convalescence." He suggested that claimant be re-examined at that time for final evaluation. Ten days later (July 24) Dr. M. submitted a supplemental report and without further examination of the patient related that he "will have a 20% permanent partial disability to the body as a whole * * * due to his accident of December 31, 1958."

An award for permanent partial disability of 20 per centum to the body as a whole was entered by the trial judge. The State Industrial Court en banc affirmed the action on appeal. Petitioner brings this proceeding to obtain a review and submits that there is an entire absence of competent medical evidence to sustain the order allowing compensation.

The reports of Dr. M. are challenged as without probative value. It is urged they do not express an opinion regarding the degree of claimant's present existing disability. When construed together and in their entirety, it is manifest that the physician's evaluation constitutes a mere forecast of claimant's condition couched in terms of the future. Petitioner cites Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453, and Sparks v. General Mills, Inc., Okl., 262 P.2d 155. In this we must join.

· The reports of Dr. M. did not fix a definite present condition of the claimant. The evaluation of disability, made without a re-examination and within the time limits of the suggested convalescence period of four weeks (as defined in the original report of Dr. M.), must therefore be regarded as calculated on a mere conjecture and a forecast into the future. Such evidence does not disclose from a consistent context the presence and extent of existing permanent disability and is hence without probative value to afford a basis for the award. Adams v. Reed Roller Bit Co., et al., Okl., 335 P.2d 1080; Woodward & Company, et al. v. State Industrial Commission et al., Okl., 349 P.2d 638; Bill Morris Tank Co. v. Martin, Okl., 349 P.2d 15.

If the reports of Dr. M. constituted the only medical proof in the record to sustain the finding of the State Industrial Court, the award would have to be vacated for want of competent evidence. There is, however, the testimony of Dr. G., claimant's own physician. If it has probative force as a basis for the determination made below, the award may not be disturbed on review, as it will be presumed that the trial tribunal considered only competent proof.

Richardson v. M. & D. Freight Lines, Okl., 322 P.2d 192, and Mid-Union Drilling Co. v. Graham, 184 Okl. 514, 88 P.2d 619.

It is asserted the testimony of Dr. G. is barren of a statement as to claimant's existing condition and is similarly tainted by a prediction as to his future disability.

In his report of May 28, 1959, petitioner urges, Dr. G. stated in pertinent part as follows:

"Conclusion: He will have to be treated for quite a while longer. He had made some improvement. In my opinion, he will have a 25% permanent partial disability of the body as a whole, arising from the injury * * "

We agree that the statement as given, if standing alone, would vitiate the probative value of the opinion as a basis for the award. However, we note that in his deposition taken nearly a month later Dr. G. related in positive and unequivocal terms that claimant's present condition rendered him permanently partially disabled to the extent of 25 per centum to the body as a whole.

This opinion, we hold, constituted competent evidence upon which to base the award. Dolese Bros. Co. v. McBride, et al., Okl., 268 P.2d 268; Skelly Oil Company v. Admire et al., Okl., 293 P.2d 349; Ridenour v. Van Pick Oil Company, Okl., 289 P.2d 135; Griffith v. Viersen Oil and Gas Company, et al., Okl., 302 P.2d 969; Lemay v. Heldie's Portable Pipe Service, et al., Okl., 344 P.2d 1098; Bill Morris Tank Co. v. Martin, supra; and Woodward & Co. et al. v. State Industrial Commission et al., supra.

Petitioner's final argument is that the testimony and reports of Dr. G. were based on an inaccurate and incomplete history of similar pre-existing injuries suffered by claimant. Cited in support of this contention is the case of Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828, in which we vacated the award because the principal cause of disability, as shown by the evidence, was not stated to, or was with-

held from, the physician who gave testimony for the claimant.

In the case at bar it is suggested that all of claimant's complaints, or at least a substantial portion thereof, may be due to his prior head injuries, of which one occurred when he was fourteen years of age and the other in 1954.

The record reflects that Dr. G. had been apprised of these injuries and considered them in making his evaluation. Moreover, he assumed a much more comprehensive set of facts in regard to such previous injuries than petitioner's own physicians. While Dr. L. in his report for petitioner intimated that some of claimant's present symptoms seemed identical with those ascribed to a prior condition, the record of claimant's pre-employment examination of November, 1958, showed that petitioner's plant physicians had then found him free from physical or mental impairments. In Tillery & Jones v. Sigler, Okl., 265 P.2d 484, 486, it is said:

> "We have held that whether the disability resulted from a prior injury or is an aggravation of a prior injury or is caused by a new and independent injury is a question of fact solely within the province of and for the determination of, the State Industrial Commission, and if there is any competent evidence to sustain the finding, an award based thereon will not be disturbed."

In his answer brief claimant attempts to present error and asserts that in addition to the amount of benefits allowed, the trial tribunal should have awarded him compensation for temporary total disability. The record discloses claimant had requested a hearing solely for the purpose of determining his permanent disability. At the inception of the proceedings below his counsel advised the trial judge that the question of permanent disability was the only matter in issue. He did not lodge an appeal to the State Industrial Court en banc nor did he invoke his remedy by bringing a cross-action in this court.

We are therefore without jurisdiction to consider the error sought to be presented for our review. M. & W. Mining Co. v. Lee et al., 199 Okl. 76, 182 P.2d 759.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.