CONTINENTAL OIL COMPANY,
Petitioner,

v.

Roy S. ALLEN, Jr. and Workers'
Compensation Court of the State
of Oklahoma, Respondents.

No. 57538.

Supreme Court of Oklahoma.

Feb. 9, 1982.

As Corrected Feb. 17, 1982.

Milton R. Moon, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioner.

Fred L. Boettcher, Ponca City, for respondents.

OPALA, Justice:

The question dispositive of claimant's motion to dismiss this proceeding by the employer is: May this court treat as reviewable under the pertinent provisions of 85 O.S.Supp.1977 § 3.6 B an appellate panel's decision which sustains the trial judge's finding of claimant's permanent total disability, reduces the applicable rate of weekly benefits due him and vacates the award rested on the wrong rate, but (a) *leaves undetermined*—and "reserved for future hearing"—the amount of compensation accrued at the decreased rate adjudged to be applicable as well as the counsel fee to be deducted from both the accrued and unaccrued portions of benefits to be allowed and (b) neither remands the case to the trial judge for determination of the essential issues reserved nor retains the claim for further action before the panel? We hold that (1) the panel's decision is not reviewable because it tenders for corrective relief in this court errors occurring in the course of interlocutory judicial action that has not yet culminated in the entry of an enforceable award; and (2) although the employer's proceeding must be dismissed as prematurely brought, this court will invoke its power of superintendence, granted by Art. 7 § 4, Okl.Const., to dislodge the case from its present position in jurisdictional no-man's-land that lies between the cognizance of the review panel and that of the trial

**1360**

judge by directing the panel either to determine the essential issues "reserved" by its decision on appeal or to remand the claim to the trial judge for further action before him.

## I.

■ Relief available in this court from errors of law in workers' compensation cases is statutorily confined to reviewable decisions.[1] A reviewable decision upon a compensation claim is one which "makes or denies an award" or otherwise constitutes "a final determination of the rights of the parties".[2] When the disposition by the trial tribunal on appeal from the trial judge's decision stops short of effecting an order that allows or denies compensation or one that finally determines the rights of the parties, the case is not fit for review in this court.[3]

These settled principles survive intact all the sweeping legislative revisions in our compensation law which were effected by the 1977 amendments.[4] There is no language in the pertinent text of 85 O.S.Supp. 1977 § 3.6 B—the section that replaced the provisions of 85 O.S.1971 § 29—which either alters or modifies the pre-1977 legislative prescription for reviewability of compensation-claim decisions in this court.

■ The order sought to be reviewed does not meet the definition of either "an award" or "a final determination". With two essential issues unresolved—the amount of accrued benefits due at the decreased rate and the counsel fee to be allowed—the panel's decision lacks the attributes of an enforceable award. It equally falls short of a terminal pronouncement upon the parties' rights in the litigation.

## II.

■ Because the panel's decision "reserves" essential issues without spelling out whether the claim stands remanded to the trial judge or is retained by the panel for determination of unresolved questions, the case is now wedged in jurisdictional no-man's-land. Although we lack jurisdiction of the instant proceeding for review and hence are constrained to dismiss it, we do invoke our powers of superintendence under Art. 7, § 4, Okl.Const., in order to clarify the grave uncertainty and to facilitate the termination of future proceedings below. We accordingly direct that, upon remand by this court, the assigned review panel of the Workers' Compensation Court, or its successor, proceed either to adjudicate the essential issues reserved by its outstanding order or retransfer the case for future action before the trial judge. *Sheegog v. Incorporated Town of Lindsay*, 127 Okl. 39, 259 P. 551, 552 [1927].

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

SIMMS, J., concurred in part and dissented in part.

1. *Hughes Motor Co. et al. v. Warner et al.*, 187 Okl. 255, 102 P.2d 594, 595 [1940]; *Reid v. Phillips Petroleum Co.*, Okl., 531 P.2d 340, 341 [1975].

2. *McCallum & Forber v. Owens*, 184 Okl. 66, 85 P.2d 411 [1938]; *Reid v. Phillips Petroleum Co.*, supra note 1 at 341.

3. *Kansas Explorations, Inc. v. Blaine et al.*, 195 Okl. 428, 158 P.2d 907 [1945]; *Armour & Co. v. Moore*, 206 Okl. 72, 240 P.2d 1113 [1952]; *Anchor Stone & Materials Co. v. Terry*, 207 Okl. 690, 252 P.2d 443 [1953]; *Vieth v. Cook*, Okl., 306 P.2d 1110 [1957]; and *Reid v. Phillips Petroleum Co.*, supra note 1 at 341.

4. 85 O.S.Supp.1977 § 1 et seq.