F. Kathleen WHEAT
[Claimant], Petitioner,

v.

HERITAGE MANOR [Employer], an
own risk carrier, Respondent.

No. 68064.

Supreme Court of Oklahoma.

Dec. 12, 1989.

William J. Dale, Bartlesville, for claimant/petitioner.

Chris Sturm, Barbara Rice, Barbara S. Holder, Nita R. Giles and Associates, Oklahoma City, for employer/respondent.

OPALA, Vice Chief Justice.

The issues on certiorari are: 1) Did the trial judge correctly deny compensation upon failure of proof in claimant's medical evidence to support a compensation award for permanent partial disability and, if so, 2) must the order nonetheless be vacated and the claim be remanded for the trial tribunal's reconsideration? We answer both questions in the affirmative.

The claimant was injured while employed as a licensed practical nurse. To avoid being struck by a "combative" patient she turned away in a sudden movement, colliding with a door through which another employee was entering. Immediately injured were her head, eyes and neck. She later became mentally depressed and acquired a medication-induced liver disorder.

A hearing took place for the *sole* purpose of determining the claimant's quest for permanent partial disability compensation.[1] The employer's medical evidence, consisting mostly of deposition testimony, *was admitted without objection.* The claimant's proof consisted of one deposition and several letter-reports, some of which served as mere exhibits to the deposition. While no objection was made at the hearing to the *admissibility* of the claimant's medical evidence, the employer did—albeit in imprecise terms—timely challenge the *probative value* of the expert opinion's evaluation of permanent partial disability.[2] The trial judge expressly postponed ruling on that question until he had reviewed the admitted deposition testimony of the claimant's physician. The probative value issue was then implicitly resolved in the employer's favor when the judge entered his order denying claimant compensation because *"there is no competent medical [evidence] to support an order for permanent partial disability."* On appeal to a three-

---

1. The parties stipulated that the claimant sustained a job-related injury. She had received temporary total disability compensation; in the order on review the trial judge expressly reserved for future determination the question of employer's liability for medical expenses.

2. The following excerpt from the hearing's transcript reflects the language used by the employer to challenge the probative strength of the claimant's medical evidence:
 "Your Honor, we have *no objection to the introduction* of ... [the] deposition. *We do in an unusual way object to it's [sic] competency.*

 Generally if we object to the competency of a report, it's for a specific, very limit [sic], narrow purpose. We object to the competency of ... [the] rating in its entirety. I think you can see that it's a total deviation from the Guides. He [the claimant's medical expert] admits it's a total deviation. *He's rating for things that might happen in the future,* maybe for liver problems in the future, maybe depression in the future, for economic loss. In our opinion it's *totally incompetent to support any award."* (emphasis added)

judge panel, the order denying compensation was affirmed. This proceeding for review was brought by the claimant.

The Court of Appeals held that the claimant's "medical evidence is competent to support an order for permanent partial disability." [3] After deciding *sua sponte* that the *employer's* proof is "not competent," the appellate court remanded the claim, directing the Workers' Compensation Court to make an award *"based on the only competent medical evidence before it, claimant's [own] medical evidence."* [4] Upon the employer's petition, we now grant certiorari.

3. The employer argues on certiorari that the Court of Appeals mischaracterized its "objection" to the claimant's medical evidence as one which raised a "Rule 20" admissibility question. We agree. Rule 20 of the Workers' Compensation Court Rules, *infra*, allows a *deposition* to be taken of a medical witness when an objection to that expert's letter-report is timely filed. The employer followed this procedure and deposed the claimant's doctor. Later at the hearing, when the claimant offered the deposition as evidence, the employer timely challenged the *probative value* of the testimony's expert opinion on the *extent* of permanent partial disability. See *supra* note 2; Rule 21, Workers' Compensation Court Rules, 85 O.S.1981, Ch. 4, App., whose pertinent terms are:
"* * * *An objection to medical testimony offered by verified or declared report, if on the grounds that* (1) *it is* based on inaccurate or incomplete history or is otherwise *without probative value,* or (2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, *must be interposed at the same time it is offered into evidence. Unless an objection is timely made, it shall be waived.* Any legally inadmissible evidence that stands admitted without objection shall be regarded as admitted as part of the proof in the case." (emphasis added)
The pertinent terms of Rule 20, Workers' Compensation Court Rules, 85 O.S.1981, Ch. 4, App., are:

 * * * * * *

*"Within ten (10) days* of receiving a copy of the other party's verified or declared report, *a party-recipient shall advise the Court in writing if there is an objection to the admission of the verified or declared report in evidence.* A copy of the objection shall be mailed to all parties of record in the claim. Unless the Court and the other parties are timely notified of the objection, the party-recipient of the verified or declared report shall be deemed to have waived *the right to object and the verified or declared report shall be admitted into

# I.
# CLAIMANT'S PROOF OF PERMANENT DISABILITY LACKS PROBATIVE FORCE

The claimant's medical expert gave her a "45% permanent impairment" rating and attributed it to the combined effect of her concussion, medication-induced liver ailment, mental depression and economic disability. The employer urges that this evaluation is not probative because 1) it is based, at least in part, on *future* impairment and 2) it results from an impermissible and unexplained deviation from the second edition of the American Medical Association's "Guides to the Evaluation of Permanent Impairment" [Guides].[5] With

evidence at the trial. *When a timely objection is received,* the party intending to offer the verified or declared report *shall, within a reasonable time, arrange for the taking of the physician's deposition."* (emphasis added)

4. The claimant *neither objected to the admissibility (or competency) nor attacked the probative value of* the employer's medical evidence. Error, if any, in *admitting* it into evidence was hence *waived.* See *Hughes v. City of Oklahoma City,* Okl., 771 P.2d 1010, 1011–1012 [1989]; *Dry v. Pauls Valley Health Care Facility,* Okl.App., 771 P.2d 238, 239–240 [1989]. We need not comment on the probative strength of the employer's proof because, as we conclude in Part II of this opinion, this claim must be remanded for the trial tribunal's reconsideration.

5. The 1984 version—or second edition—of the Guides applies to the claimant's present quest for permanent disability compensation because it was in effect when she was examined. See 85 O.S.Supp.1985 § 3(11), *infra;* see also, Rule 20(i), Workers' Compensation Court Rules, 85 O.S.1981, Ch. 4, App., *infra.*
The pertinent terms of 85 O.S.Supp.1985 § 3(11) are:
"* * * Except as otherwise provided herein, any examining physician shall only evaluate impairment in accordance with the *latest* "Guides to the Evaluation of Permanent Impairment" *adopted and published* by the American Medical Association. *The examining physician shall not deviate from said guides except as may be specifically provided for in the guides.* These officially adopted guides shall be the exclusive basis for testimony and conclusions with regard to permanent impairment with the exception of paragraph 3 of Section 22 of this title. . . ." (emphasis added)
The terms of Rule 20(i), Workers' Compensation Court Rules, 85 O.S.1981, Ch. 4, App., are:
"Expert medical or rehabilitation testimony may be offered by (1) a verified or declared

these contentions we agree, but, for the reasons explained in Part II of this opinion, the claimant must be given another opportunity to secure evidence upon which an award for permanent partial disability might be based.

During his deposition the claimant's medical witness was asked what part of the overall 45% rating did he attribute to her liver problem. His response was:

"First of all, this is a very unusual case. Second, I did not find references to help break down any of the percentages. Therefore, in a manner that I'm used to, I collectively arrived at the 45 percent permanency, which includes a percent that I did not break down to give to the liver."

He was then asked about the rating component attributable to the claimant's depression:

Q. " * * * The last time that you saw her, did any part of your 45 percent rating include some amount for depression?"

A. "Yes, it did."

Q. "Was that amount based upon the fact that she might have more depression occurring in the future?"

A. "Yes, it did."

Q. "Did she have a percentage measurable amount of depression at the time that you last examined her?"

A. "My experience is that in a depressive reaction, there are shades of gray, and I would liken it to a lighter shade."

Q. "Did you find that she did have a percentage of impairment, permanent impairment—she was depressed permanently at the time that you saw her?"

A. "Yes."

Q. "What percentage was that?"

A. "This is hard. I find this case to be so unusual, so different, yet present to the extent that it has been documented, yet allusive in the overall, not to be categorized in the AMA guides."

Q. "You're familiar with the fact that there is a mental disorder chapter under the AMA guides?"

A. "Yes."

Q. "But, she didn't fit under that chapter?"

A. "No, ma'am."

■ An evaluation of permanent impairment for workers' compensation purposes generally *must* be made by applying the standards prescribed in the Guides.[6] Deviations from the statutorily-mandated regime are not permissible without an adequate *medical* explanation.[7]

■ Here, the expert's admission that he deviated from the Guides poses the question whether his explicit reasons for so doing are legally sufficient. In light of the quoted portions of his deposition testimony, we hold they are not.[8] The claimant's

report, (2) deposition, or (3) oral examination in open court.
"The Court ... encourages the production of medical evidence by verified or declared report which shall contain the following, where applicable:
" * * *
"(i) Any other detailed factors upon which the physician's evaluation of permanent impairment is based, including the fact that the evaluation is in substantial accordance with the "Guides to the Evaluation of Permanent Impairment" as published by the American Medical Association in 1977. *Whenever the physician deviates from the "Guides", the basis for his deviation shall be stated together with full medical explanation. * * * "* (emphasis added)

6. See 85 O.S.Supp.1985 § 3(11), *supra* note 5; Rule 20(i), Workers' Compensation Court Rules, 85 O.S.1981, Ch. 4, App., *supra* note 5.

7. See 85 O.S.Supp.1985 § 3(11), *supra* note 5; Rule 20(i), Workers' Compensation Rules, 85 O.S.1981, Ch. 4, App., *supra* note 5; *LaBarge v. Zebco*, Okl., 769 P.2d 125, 129 [1988]; *Special Indem. Fund v. Stockton*, Okl., 653 P.2d 194, 200 [1982]; *Norwood v. Lee Way Motor Freight, Inc.*, Okl.App., 646 P.2d 2, 6 [1982].

8. When discussing the parties' evidence the Court of Appeals mistakenly relied in part upon the contents of medical *letter-reports* written *before* depositions were taken. Even though some of the reports were attached as exhibits to a deposition, it is the deposition testimony that *controls over any exhibit consisting of a physician's report that is later superseded by testimony.* Once an objection to the admissibility of a letter-opinion is filed and the medical expert's deposition is taken and then admitted into evidence, an earlier *report* by the same witness loses its tentative *evidentiary* character and becomes *functus officio*. See Rule 20, Workers'

medical witness never explained *what* was so "unusual" about the claimant's condition that he could not apply the *mandatory* AMA standards for evaluating permanent impairment. Although he had stated the Guides' chapter on mental and behavioral disorders was inapplicable to this case, he gave no medical grounds for his conclusion.

 Moreover, the medical expert clearly attributes an *unspecified portion* of the impairment's rating to a mental condition *he predicts* the claimant will have in the future. If a given rating be founded upon an evaluation made in terms of *futurity*, it is *not probative* of compensable permanent disability that may be awarded.[9] A *present* condition may be considered *in terms of its future effect* on the claimant,[10] but an impairment rating may not be ascribed to a doctor's speculation about an *expected or future* symptomatology. We hence conclude that the expression of anticipated futurity robbed the claimant's evaluation of probative value.

## II.

### THE CLAIM MUST BE REMANDED FOR RECONSIDERATION

 When the employer challenged the probative value of the claimant's medical evidence, the trial judge postponed his ruling on that issue. On this record, we presume it was not until the claimant had received a copy of the order denying her

permanent disability compensation that she learned of her fatal evidentiary void. This is not a case in which the employer's medical evidence was found to have been more persuasive or believable than that of the claimant. The denial of permanent disability award was not rested here on a judicial finding of no impairment, but rather on a *complete failure of claimant's medical proof* as to her compensable rating. Whether and to what degree the claimant is permanently impaired is an issue that has yet to be determined.

The employer's probative value challenge operated as the functional equivalent of a district court demurrer to that part of claimant's evidence which adduced an expert opinion as to the *extent* of her compensable permanent partial impairment. Indeed, no other acceptable counterpart of a nisi prius demurrer is available in the Workers' Compensation Court for challenging the legal sufficiency of a party's evidence or of some essential element to support or defend against the claim.[11] Here, the trial tribunal in essence found only that its order could not rest *on claimant's evidence alone* for a decision on whether she is or is not permanently disabled, since she utterly failed to adduce any probative medical evidence to establish a compensable disability rating. The claimant should have been *either* allowed to substitute another evaluation for the flawed rating *or* invited to stand on her proof.[12]

Compensation Court Rules, 85 O.S.1981, Ch. 4, App., *supra* note 3. In short, deposition testimony admitted for the trial tribunal's consideration becomes the principal evidence in support of the claim, unless a previous report is also tendered and admitted *as independent evidence* in the case, rather than as a mere exhibit to a deposition.

9. *E.L. Mendenhall Company v. Kell*, Okl., 359 P.2d 234, 237 [1961]; *Ideal Cement Company v. Buckler*, Okl., 353 P.2d 828, 830 [1960]; *Bill Morris Tank Company v. Martin*, Okl., 349 P.2d 15, 19 [1960]; *Bergstrom Painting Co. v. Pruett*, 205 Okl. 291, 237 P.2d 453, 454 [1951].

10. *A medical expert may comment on probable future developments in the claimant's physical condition without destroying the probative value of his evaluation with respect to the extent of the claimant's existing permanent impairment. Oklahoma Gas & Electric Co. v. State Industrial*

*Court*, Okl., 366 P.2d 609, 609–610 [1961] (the court's syllabus ¶ 4); *Bill Morris Tank Company v. Martin, supra* note 9 at 19.

11. This court has *rejected* the notion that a demurrer to the evidence *must* be interposed to secure judicial review of the *sufficiency of the claimant's evidence to support a compensation award.* See *Banning v. Peru–Laclede Syndicate*, 179 Okl. 382, 65 P.2d 976, 979 [1937]; *Hogue v. Smith*, Okl., 393 P.2d 855 [1964] (the court's syllabus ¶ 1).

12. See *Whitener v. South Cent. Solid Waste Auth.*, Okl., 773 P.2d 1248, 1249 n. 2 [1989]. If a claimant *is given* the option *either* to replace the flawed medical evidence *or* to stand on the evidence adduced, and that claimant choses the latter but does not prevail on review, reconsideration of the claim by the trial tribunal *based on the complete failure of medical proof in the earlier trial proceeding* would be precluded.

*Because this claimant was given no opportunity either to stand on her adduced medical evidence or to secure a replacement for the flawed but apparently curable evaluation,[13] this claim must be remanded for reconsideration in a manner consistent with today's pronouncement.[14]*

CERTIORARI IS GRANTED; THE COURT OF APPEALS' OPINION IS VACATED; THE TRIAL TRIBUNAL'S DENIAL OF PERMANENT DISABILITY COMPENSATION IS VACATED; THE CLAIM IS REMANDED FOR RECONSIDERATION IN FURTHER PROCEEDINGS.

HARGRAVE, C.J., and HODGES, LAVENDER, DOOLIN and SUMMERS, JJ., concur.

ALMA WILSON, J., concurs by reason of stare decisis.

KAUGER, J., concurs in result.

SIMMS, J., dissents.

**13.** The patent curability of nonprobative medical evidence—whether the latter be in the form of a letter-report, deposition testimony or otherwise—mandates this court's remand for reconsideration. The claimant's expert witness yielded an impairment rating that is partially flawed (see Part I of this opinion). There is hence no indication that the claimant cannot secure a rating which is unaffected by the flaws found today.

**14.** See *Bill Hodges Truck Co. v. Gillum,* Okl., 774 P.2d 1063, 1069 [1989]; see also, *Carpenter v. Douglas Aircraft Company,* Okl., 420 P.2d 911, 914 [1966]; *Rodriquez v. Utilities Engineering & Construction,* Okl., 281 P.2d 946, 949 [1955]; *Glaspey v. Dickerson,* Okl., 350 P.2d 939, 943–944 [1960].