**Willis HARRIS, Petitioner,**

v.

**YUBA HEAT TRANSFER, INC., The Travelers Insurance Company, and The Workers' Compensation Court, Respondents.**

No. 72419.

Court of Appeals of Oklahoma,
Division No. 4.

Feb. 13, 1990.

Richard A. Bell, Norman, for petitioner.

Neil F. Layman, Whitten, Davies and Layman, Tulsa, for respondents.

BRIGHTMIRE, Chief Judge.

In this workers' compensation case, the trial court refused to admit either party's medical evidence into evidence and denied the claim after finding that the "claimant has failed to support his claim with competent medical evidence." The claimant appealed to the court en banc and requested an opportunity to "obtain competent medical evidence." The court en banc affirmed the trial court's order but did not rule on the claimant's motion. We vacate the order and remand for further proceedings.

I

The fifty-eight-year-old claimant, Willis Harris, filed his Form 3–b May 29, 1987, alleging "reduced breathing capacity" and injury to his "lungs and upper respiratory system" as a result of "15 years continuous exposure to asbestos, grinding dust [and] welding dust" during the course of his employment with Yuba Heat Transfer. The date of last exposure was "on or about March 4, 1983."

The employer answered denying that the claimant had sustained an accidental injury during the course of his employment or that he had ever reported one. And, after receiving a copy of the claimant's medical report, it filed an objection on the ground "that it is hearsay." The claimant gave notice of taking the physician's deposition at which time all objections were reserved to the time of trial.

The matter came on for hearing May 5, 1988. The claimant testified and both parties submitted expert medical evidence. When the claimant introduced the medical

report and deposition of his expert, the employer objected to the *"probative value* of that, both an incomplete and an inaccurate history ... not supported by lay testimony today.... And we would also object to the *probative value* in that there's no extent of exposure or how the exposure would cause the injury." [1] The trial court replied: "I will sustain the objection, *the deposition testimony will not be admitted,"* [2]—a ruling to which the claimant took exception.

When the employer introduced the report of its expert; the claimant objected to its competency on the basis that under the AMA *Guides to the Evaluation of Permanent Impairment* (1st ed. 1977), the test results revealed a Class II respiratory impairment but that in finding no impairment the expert had deviated from the *Guides* without explaining the deviation. The objection was sustained and the parties answered affirmatively to the court's question whether the case was being submitted "on two incompetent medicals." The trial court thereupon denied the claim on the basis that the claimant "has failed to support his claim with competent medical evidence."

The claimant appealed that decision to the court en banc and asked the court out of "an overabundance of caution, to allow him to obtain competent medical evidence" if it determined that the trial court did not err in its ruling. On December 28, 1988, the court en banc affirmed the order, finding it was "not against the clear weight of evidence nor contrary to law." The claimant seeks review of this order.

II

The trial court's ruling with regard to the claimant's deposition testimony was erroneous for two reasons.

■ First, the attack on the probative value of the expert's opinion was not a basis for concluding the testimony was inadmissible. As mentioned earlier, the specific objection of the employer was only to probative value, not competency, and furthermore was not directed to the specific questions set out in the deposition as required by Rule 21. [3] And even though the specific points made by the trial court concern the probative value or weight to be given to the claimant's expert's opinion, rather than its admissibility, the trial judge nevertheless refused to admit the claimant's proffered deposition testimony. Only the sustention of an objection to the competency of a report—that "it does not properly evaluate claimant's impairment or disability ... in accordance with the Workers' Compensation Act"—can prevent its admission. *See* Rule 21 and *Whitener v. South Central Solid Waste Authority,* 773 P.2d 1248 (Okl.1989). Exclusion of the report and deposition testimony of the claimant's doctor from evidence based upon competency objections the employer never made was therefore error.

■ Second, treating the deposition testimony as a written report was also error. Rule 21 makes a necessary and logical distinction between the means of challenging the three modes of medical testimony: (1) oral examination in open court; (2) testimony by deposition; and (3) testimony by report. Objections to oral testimony in court must be made when the questions are

---

1. Emphasis added.

2. Emphasis added.

3. Workers' Compensation Court Rule 21, 85 O.S. Supp.1989, ch. 4, App., reads as follows:
   "An objection to testimony offered by *oral examination* in open court must be made at the time the testimony is sought to be elicited.
   An objection to testimony offered by *deposition* must be interposed at the time the deposition is offered or at the deposition hearing.
   An objection to medical testimony offered by verified or declared *report,* if on the grounds that (1) it is based on inaccurate or incomplete history or is otherwise without probative value, or (2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, must be interposed at the same time it is offered into evidence.
   Unless an objection is timely made, it shall be waived. Any *legally inadmissible evidence* that stands admitted without objection shall be regarded as admitted as *part of the proof in the case."* (Emphasis added.)

asked. Objections to deposition testimony must be made either when the questions are asked or when the deposition is offered at trial. Objections to report testimony on the two grounds mentioned—lack of probative value or improper evaluation of impairment or disability—are to be made "at the same time it is offered into evidence."

The third mode of medical testimony, medical reports, differs materially from the other two in that there is an absence of a right to cross-examine. Once a party is given a right to cross-examine a medical witness, Rule 21 requires objections to be addressed to questions. Thus, one can no more successfully object to a deposition as such any more than one can successfully object to the testimony of a medical witness as soon as he is sworn. Moreover, the objections specified in Rule 21 for reports will not necessarily be effective with regard to either live or deposition testimony because such *testimony* is subject to cross-examination.

Finally, in each of the three testimonial categories, appropriate objections must be timely made, or else they are waived. And if a proper objection is not timely made, testimony which is otherwise legally inadmissible, "shall be regarded as admitted *as* part of the *proof* in the case," says Rule 21.[4]

As we mentioned earlier, the employer did not premise its objection on incompetency of the proffered evidence, but on its lack of "probative value." Such objection may go to the weight of the testimony, but not to its competency. *See* Rule 21, and *Whitener.* Under these circumstances, the "claimant should have been allowed to ei-

*ther* substitute another evaluation for the flawed rating *or* invited to stand on [his] proof." *Wheat v. Heritage Manor.*[5]

 The claimant's objection to the competency of the employer's medical report, on the other hand, was predicated on the ground that the expert had made an unexplained and thus impermissible deviation from the methods of respiratory evaluation contained in the *Guides*, and as such violated 85 O.S.1981 § 3(11), and Workers' Compensation Court Rule 20, 85 O.S.1981, ch. 4, App. Such an objection does go to the admissibility of the report, and the competency objection to it was therefore correctly sustained by the trial court.

### III

Consequently, since the trial court erroneously excluded the claimant's medical testimony, it is necessary to vacate the lower court's order finding that the claimant has "failed to support his claim with competent medical evidence." And since the order appealed is not supported by competent evidence, it is therefore vacated. The cause is remanded for further proceedings.

BACON, J. (sitting by designation), concurs, and STUBBLEFIELD, J., dissents.