**Barbara E. HOUSTON, Petitioner,**

v.

**ZEBCO, Old Republic Insurance Company and the Workers' Compensation Court, Respondents.**

**No. 71987.**

Supreme Court of Oklahoma.

Dec. 3, 1991.

Concurring Opinion of Justice Kauger Jan. 2, 1992.

---

13. *In re McCurtain's Estate,* 377 P.2d 210 (Okla. 1962).

Richard A. Bell, Norman, for petitioner.

Andrew B. Morsman, Best, Sharp, Sheridan & Stritzke, Tulsa, for respondent Employer and Ins. Co.

LAVENDER, Justice.

A claim was filed by petitioner, Barbara E. Houston, with the Oklahoma Workers' Compensation Court for permanent partial disability for cumulative hearing loss due to exposure to loud noise at work over an eleven year period. A hearing was held on May 19, 1988. Petitioner offered as her medical evidence the deposition of Dr. G.C.M. He opined petitioner suffered from a seventeen per cent (17%) binaural hearing impairment due to noise exposure while working for respondent, Zebco. Respondents, Zebco and its insurance carrier, Old Republic Insurance Co., objected to the medical on the basis the opinion of Dr. G.C.M. was "based on incomplete and inaccurate history and [it was] not in compliance with the AMA Guides or Rule of the Workers' Compensation Court, Rule 20 [and] [i]t's incompetent and without probative value". The trial court admitted the deposition and noted the objections, but did not rule on them. The medical report of Dr. R.E.W. was admitted on behalf of respondents, without objection. It opined petitioner suffered from no hearing impairment, work related or otherwise.

On May 23, 1988 the trial judge issued an order which ruled petitioner's medical evidence was "incompetent and wholly without probative value" and she had, thus, failed to meet her burden of proof. No express denial of an award was made in the order. The claim of petitioner was finally denied on October 14, 1988, after the trial court had overruled an application of petitioner for findings of fact and conclusions of law and an oral motion of

petitioner at a hearing in September 1988 to supplement her medical evidence.[1]

The trial judge never specifically explained his reasons for determining petitioner's medical evidence was incompetent and wholly without probative value. On appeal, respondents put forward two central rationales for the trial judge's ruling in such regard. First, Dr. G.C.M. based his opinion as to causation on mere speculation because he had a complete lack of knowledge of petitioner's noise exposure at work. Second, as to the extent of impairment, Dr. G.C.M. deviated from the American Medical Association Guides to the Evaluation of Permanent Impairment(2d ed. 1984) by adding into the impairment rating a percentage for tinnitus (a sensation of noise or ringing in the ears), when such a percentage may only be added when a unilateral hearing loss is found, rather than a bilateral one.

Petitioner counters that Dr. G.C.M. had sufficient knowledge of noise exposure to give an opinion as to causation. She admits in her reply brief, however, Dr. G.C.M. inadvertently did not use the AMA Guides in calculating the hearing impairment. Petitioner explains Dr. G.C.M. used old Rule 37 of the Workers' Compensation Court Rules, 85 O.S.1981, Ch. 4, App., which *did not* require use of the AMA Guides to evaluate hearing impairment, instead of Rule 32 [85 O.S.Supp.1987, Ch. 4, App.], which *did* require use of the Guides. Rule 37 was replaced by Rule 32 effective June 1, 1987.[2] The report of Dr. G.C.M. is dated October 26, 1987 and his deposition was taken on March 17, 1988. Thus, he was required to use the AMA Guides to evaluate permanent hearing impairment.

A majority of the Court of Appeals determined the medical opinion of Dr. G.C.M. as to causation was not wholly without probative value and the lack of details as to noise exposure merely went to the weight to be given to his opinion. They also indicated the deviation from the AMA Guides as to adding a percentage of impairment for tinnitus was not sufficient to completely destroy the probative value of the report. The majority, accordingly, remanded the matter to the trial judge to adjudicate the claim for benefits giving some consideration and weight to the medical opinion of Dr. G.C.M.

█ We need not decide whether the medical evidence offered by petitioner was incompetent and wholly without probative value. Assuming the trial judge correctly determined it was devoid of probative value, the petitioner should have been either

---

1. In their November 14, 1988 Response to Petition for Review, respondents moved to dismiss this appeal on the basis the May 23, 1988 order of the trial judge was a final adjudication of petitioner's claim for benefits and a timely appeal had to be taken from that order, rather than the order issued in October 1988. We deferred ruling on the motion by order of November 18, 1988. The case was thereafter assigned to the Court of Appeals. No party again raised the issue and the Court of Appeals did not rule on it. In that we must *sua sponte* inquire into our own jurisdiction we rule on the motion now. 85 O.S.Supp.1986, § 3.6(A) & (B) provide the time limits to appeal an order of a trial judge to the Workers' Compensation Court sitting *en banc* or directly to this court. The May 1988 order was not appealed to either court. However, we believe the order was not a final appealable one. An order of a trial judge or a panel of the Workers' Compensation Court is final when it makes or denies an award or otherwise constitutes a final determination of the rights of the parties. *Continental Oil Co. v. Allen,* 640 P.2d 1358, 1360 (Okla.1982). The text of the initial May 1988 order is ambiguous as to

its finality. The trial judge acknowledged the ambiguity at a hearing in September 1988 when he explained, although he intended to deny the claim for benefits in the May 1988 order, he inadvertently *did not* put express language of denial in the May 1988 order and it was his view the inadvertent omission rendered the May 1988 order non-final. Although the May 1988 order is neither factually similar to nor in the same procedural posture as the order deemed non-final in *Continental Oil Co., supra,* in that the May 1988 order neither made or denied an award or otherwise *expressly* finally determined the rights of the parties, it left the proceeding in a state of limbo, just as the order of the three judge review panel did in *Continental.* It is therefore, our view, the May 1988 order was not a final one and we deny the motion to dismiss.

2. The Rules of the Workers' Compensation Court were modified effective November 1, 1990 to provide for use of both the AMA Guides and old Rule 37, depending on the date of last exposure to noise at work. 85 O.S.Supp.1990, Ch. 4, App., Rule 32.

allowed to substitute another evaluation or invited to stand on her proof and because she was not this matter must be remanded for reconsideration. *Wheat v. Heritage Manor,* 784 P.2d 74, 78 (Okla.1989). We said in *Wheat* in support of remanding for reconsideration the claim involved there:

> When the employer challenged the probative value of the claimant's medical evidence, the trial judge postponed his ruling on that issue. On this record, we presume it was not until the claimant had received a copy of the order denying her permanent disability compensation that she learned of her fatal evidentiary void. This is not a case in which the employer's medical evidence was found to have been more persuasive or believable than that of the claimant. The denial of permanent disability award was not rested here on a judicial finding of no impairment, but rather on a *complete failure of claimant's medical proof* as to her compensable rating. Whether and to what degree the claimant is permanently impaired is an issue that has yet to be determined.

> \* \* \* \* \* \*

> The claimant should have been *either* allowed to substitute another evaluation for the flawed rating *or* invited to stand on her proof. (emphasis in original) (citation omitted)

*See also Zebco v. Houston,* 800 P.2d 245, 247–248 (Okla.1990) (where a medical opinion is too indefinite for a probative medical assessment of causation, but it appears on remand a claimant may be able to secure a favorable opinion based on a complete history concerning harmful exposure at work, claim will be remanded for further proceedings). Thus, before the instant claim was denied petitioner should have been given an opportunity to either substitute another medical evaluation or to stand on her medical evidence, something not afforded by the trial judge.[3]

**3.** If a claimant is given such an opportunity and chooses to stand on her evidence but does not prevail on review, reconsideration of the claim in the trial court based on a complete failure of medical proof in the earlier proceeding would

For the above reasons, the opinion of the Court of Appeals is VACATED, the order of the trial judge is REVERSED and this matter is REMANDED to the trial court for proceedings consistent with this opinion.

OPALA, C.J., HODGES, V.C.J., and HARGRAVE, ALMA WILSON, SUMMERS, JJ., concur.

KAUGER, J., concurs specially.

SIMMS, J., dissenting, with whom DOOLIN, J. joins. I would vacate the opinion of the Court of Appeals and sustain the order of the Workers' Compensation Court.

KAUGER, Justice, concurring specially:

I note that certiorari was granted December 18, 1989. In *Gaines v. Sun Refinery & Mktg.,* 790 P.2d 1073, 1081 (Okla. 1990), which was mandated on May 4, 1990, we held that:

> "Henceforth, and until such time as cases shall come before us tried after mandate herein, when a medical report which is the sole basis for an award or denial of award is held to be incompetent or non-probative as evidence under Rule 20 of the Rules of the Workers' Compensation Court, this court will reverse the judgment on which it is based and remand for further proceedings, . . ."

I concur here because this cause preceded *Gaines.* The Workers' Compensation Court heard this matter on May 19, 1988. I write to re-emphasize that when cases reach us which have been tried after May 5, 1990, employers and employees alike must present competent evidence of injury at the time of trial—there will be no "overs". This rule is necessary to preserve judicial economy, and to assure that there will be a meaningful end to litigation.

be precluded. *See Whitener v. South Central Solid Waste Auth.,* 773 P.2d 1248, 1249, n. 2 (Okla.1989); *Wheat v. Heritage Manor,* 784 P.2d 74, 78, n. 12 (Okla.1989).